UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-45-TAV-HBG-1 |
| AARON LATHAM, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has moved for a reduction in his terms of imprisonment and supervised release pursuant to the First Step Act of 2018 [Doc. 35]. The government responds [Doc. 38] conceding that defendant is eligible for a sentence reduction but contends that little to no reduction is warranted in this case. For the reasons discussed herein, defendant's motion [Doc. 35] is **GRANTED IN PART** and **DENIED IN PART.**

### I.  Background

In 2009, defendant pleaded guilty to possessing with intent to distribute at least five (5) grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), possessing with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Doc. 24]. As a career offender, defendant's guidelines range was 272 to 327 months' imprisonment [PSR ¶ 62]. Based on a motion

for downward departure, defendant was sentenced to 204 months' imprisonment [Doc. 34]. He has served 125 months in custody and is scheduled for release in May 2024.

Defendant now argues that he is eligible for a sentence reduction under Section 404 of the First Step Act of 2018 [Doc. 35]. The government responded in opposition, arguing that he is eligible, but his guidelines range remains the same based on his status as a career offender. In light of an already-received benefit in reducing his sentence and his significant criminal history, the government argues little to no reduction is warranted under the First Step Act [Doc. 38 p. 5]. The matter is ripe for resolution.

## II. Analysis

Defendant's motion presents two questions. First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case, and if so, to what extent?

### A. Defendant's Eligibility for a Section 404 Reduction

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on the defendant's motion, the court "may . . . impose a reduced sentence as if sections

2

2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant.

Thus, the question of defendant's eligibility for a sentence reduction turns on whether his conviction for possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), qualifies as a covered offense. The government concedes that defendant is eligible, and that the First Step Act reduced the statutory penalties for this offense [Doc. 38 p. 1]. The Court agrees.

Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). Here, defendant was convicted under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and the Fair Sentencing Act modified that statutory provision's penalties. Specifically, at the time of defendant's sentencing, this statutory provision imposed a mandatory minimum sentence of ten (10) years and up to life. 21 U.S.C. § 841(b)(1)(B) (2010). After the Fair Sentencing Act, as made retroactive by the First Step Act, a conviction involving less than twenty-eight (28) grams of cocaine base now carries a penalty range of zero (0) to thirty (30) years when notice of a prior drug felony is made. 21 U.S.C. § 841(b)(1)(C). Lastly, the Court notes that defendant committed this offense before August 3, 2010. Thus, defendant was

3

convicted of a "covered offense." *See* § 404(a). He is therefore eligible for a sentence reduction.

## B. Imposing a Reduced Sentence in Consideration of the § 3553(a) Factors

A defendant's eligibility for a § 404 sentence reduction does not "require a court to reduce [his] sentence," § 404(c), and, as follows from its limited authorization to impose a reduced sentence, the court's analysis is circumscribed. *See United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam). It must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." § 404(b); *see also Alexander*, 951 F.3d at 708.

The Sixth Circuit has made clear that a defendant's eligibility for a reduction under Section 404 does not entitle him to a plenary resentencing hearing. *United States v. Boulding*, 960 F.3d 774, 782 (6th Cir. 2020); *Alexander*, 951 F.3d at 708; *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020). Nevertheless, an eligible defendant is entitled to object to the district court's calculation of his amended guideline range, and he may also be entitled to object to the final reduced sentence. *Boulding*, 960 F.3d at 784.[1]

---

[1] The Sixth Circuit in *Boulding* held that the district court "did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act." 960 F.3d at 784. Yet, the court seemed to suggest elsewhere that defendant might also have a right to object to the modified sentence, not just to the court's calculation of the guideline range. It noted that the "necessary review" includes an accurately calculated guideline range and "thorough renewed consideration of the § 3553(a) factors" and that a defendant is entitled to an "opportunity to present objections." *Id.* And, its conclusion echoed this broader statement of the holding, stating that First Step Act review must include an "accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors" and that "a defendant seeking to present objections must be afforded an opportunity to do so." *Id.*

4

Additionally, "courts may consider all relevant [§ 3553(a)] factors when determining whether to reduce a defendant's sentence under § 404," including the defendant's post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357–38 (6th Cir. 2020); *cf. Boulding*, 960 F.3d at 784 (holding that First Step Act review "must include . . . renewed consideration of the 18 U.S.C. § 3553(a) factors").

The parties agree that defendant's offense would have been treated as a violation of 21 U.S.C. § 841(b)(1)(C), rather than § 841(b)(1)(B) [Doc. 35 p. 7; Doc. 38 p. 5]. Ultimately the parties both submit that he would have a different statutory requirement as to his offense, but that his guidelines range as a career offender would remain unchanged at 262 to 327 months' imprisonment [*Id.*].

Defendant asks the Court to reduce his term of imprisonment by an unspecified amount and to reduce his term of supervised release to the mandatory minimum of six (6) years. [Doc. 35 p. 10]. 21 U.S.C. § 841(b)(1)(C). In support, defendant argues that the Court may consider all relevant § 3553(a) factors and highlights his post-sentencing rehabilitation [Doc. 35 p. 7]. He states he has taken numerous classes in a broad variety of

---

A broader reading of *Boulding*'s ruling appears in tension, however, with other recent Sixth Circuit opinions. *See, e.g.*, *United States v. Smith*, 958 F.3d 494, 498–99, 501 (6th Cir. 2020) (holding that sentence modifications under the First Step Act are analogous to sentence modifications under § 3582(c)(2), rejecting defendant's argument that he was entitled to a plenary resentencing, and finding that the district court sufficiently stated its reasons for the modified sentence using a form order); *Alexander*, 951 F.3d at 709 (affirming district court's order granting a sentence reduction and rejecting defendant's argument that he was entitled to present arguments at a sentencing hearing, arguments that he did not make in his motion for a sentence reduction, including the following: "the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered").

topics, completed drug education and non-residential treatment drug classes, has worked in the food service dining room for a significant period of time, and formerly worked for the Federal Prison Industries and the Electric Shop. He additionally reports that he has maintained clear conduct through incarceration [*Id.*]. He therefore asserts that his post-sentence rehabilitation should be considered as grounds for a downward variance and cites a number of cases where courts granted downward variances upon First Step Act eligibility [*Id.* p. 7–9].

The government concedes that defendant has not incurred any disciplinary sanctions while incarcerated, but nevertheless contends that little to no reduction is warranted in this case [Doc. 38 p. 5]. Defendant's guidelines range remains unaffected since he is a career offender. Additionally, defendant already received an unwarranted benefit from *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), *rev'd*, 131 S. Ct. 637 (2010). The Sixth Circuit ruled that § 924(c) "forbids the imposition of its mandatory minimum sentence when a defendant is already subject to another greater mandatory minimum sentence under any other provision of law." *Almany*, 598 F.3d at 240. The Supreme Court reversed, holding that defendants are still subject to a mandatory, consecutive sentence for a § 924(c) conviction, and they are not "spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott v. United States*, 131 S. Ct. 18, 23 (2010). Defendant's § 924(c) sentence ran concurrent to that of his other counts. He therefore received the unwarranted benefit of the Sixth Circuit's decision in that he did not receive another sixty (60) months' imprisonment.

6

Additionally, the government argues that defendant had fifteen (15) criminal history points, placing him in the highest possible criminal history category. In light of this extensive history, the government argues the Court should not further reduce defendant's sentence so as not to create disparities among other similarly situated offenders and to emphasize the need for this sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, in accordance with the § 3553(a) factors. The government notes that even if defendant's guideline range had been lowered, section 404 does not require the Court to reduce his sentence. § 404(c).

Although factors similar to those that applied at the defendant's initial sentencing also apply here, the Court has considered these factors again in the context of the instant motion, including the circumstances of the offense and his history and characteristics. Defendant's history includes many drug-related offenses for both simple possession and possession for resale, assault, and evading arrest [PSR ¶¶ 34–42]. As to the offense conduct, law enforcement executed a search warrant at defendant's home and found 5.7 grams of cocaine base, 212.1 grams of cocaine hydrochloride, digital scales, a large amount of cash, and a shotgun [PSR ¶ 10]. His several instances of possession of various drugs for resale create a pattern of behavior, reflecting on the need to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range and the need to avoid unwarranted disparities. *Id.*

After considering the parties' arguments, the relevant section 3553(a) factors, and applicable sentencing guidelines, the Court finds that no further reduction in the defendant's sentence of imprisonment is warranted. As the government notes, defendant has already received the benefit of *Almany*. While defendant is technically eligible for a reduction as he committed a covered offense, the purpose behind the First Step Act in reducing sentences of those who were subject to higher mandatory minimums for these offenses is not applicable here. The changes in the sentencing scheme do not actually affect his guidelines range, given his status as a career offender.

Ultimately, the only possible ground for further reducing defendant's term of imprisonment in this case is a downward variance based on the section 3553(a) factors, and specifically, based on defendant's post-sentencing conduct.[2] Though this step of the analysis requires the Court to consider the § 3553(a) factors, defendant does not make any arguments about their applicability here or how the Court's analysis should change from the original sentencing. A variance from the applicable guideline range is most appropriate with the particular circumstances of the case fall outside the "heartland" of similar cases before the court, in light of the sentencing goals contained in section 3553(a). *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009). Here, defendant's post-sentencing

---

[2] The Court notes that post-sentencing rehabilitation does not provide its own statutory basis for relief. Therefore, because the reductions in the sentencing scheme do not affect the analysis here, defendant's motion may be considered a loophole to make rehabilitation arguments that otherwise would not provide a viable basis for a reduction. Since defendant does not argue the § 3553(a) factors should be analyzed differently now than at the original sentencing and relies solely on post-sentencing rehabilitation, the mere coincidence that this defendant happens to have committed a covered offense should not permit him to receive a reduction that is not available to other defendants.

8

conduct is not extraordinary such that the Court can conclude that defendant's case falls outside the heartland of similar cases. Although the Court recognizes defendant's efforts in completing varied coursework and programming in addition to maintaining employment and a clear record, such conduct is not above and beyond that which the Court would expect of the average inmate. Indeed, the Court hopes all defendants will make and be successful in their rehabilitative efforts. Accordingly, the Court does not find that any further reduction of defendant's term of imprisonment is warranted and the Court will **DENY** defendant's motion for a sentence reduction in that regard.

However, the Court will **GRANT** defendant's request for a reduction in his term of supervised release. Under § 841(b)(1)(C), which the parties agree applies after the Fair Sentencing Act, a defendant who has a prior conviction for a serious drug felony should be sentenced to a term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C). By contrast, under section 841(b)(1)(B), a defendant who has a prior conviction for a serious drug felony should be sentenced to a term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B) (2010). In accordance with this sentencing scheme, the Court, in sentencing defendant under section 841(b)(1)(B), imposed an eight-year term of supervised release [Doc. 34]. Whereas the statutory requirements were not the driving force in determining defendant's term of imprisonment, they did lead the Court to impose the given term as to supervised release. The mandatory minimum is now lower than at the time of original sentencing, and his guidelines range remains at between two to five years of supervised release under USSG § 5D1.2. Considering this reduction, his guidelines

9

range, the § 3553(a) factors, and additionally accounting for defendant's rehabilitative efforts, the Court finds that applying the now-applicable mandatory term of six (6) years of supervised release will serve the purposes of sentencing and will be sufficient, but not greater than necessary. Accordingly, defendant's term of supervised release is reduced from eight (8) to six (6) years.

## III. Conclusion

For the reasons discussed, defendant's motion [Doc. 35] for a sentence reduction under the First Step Act is **GRANTED IN PART** and **DENIED IN PART**. Defendant's term of supervised release is reduced to six (6) years.[3] All other provisions of the judgment dated November 9, 2010 [Doc. 34] shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[3] In light of the possibility that the Sixth Circuit's holding in *Boulding* requires this Court to provide defendant an opportunity to object to the modified sentence, even though defendant and the Court agree on the new guidelines range, defendant shall have up to and including ten (10) days from the entry of this order to file objections to the modified sentence pronounced here. Although the *Boulding* court stated that "a written presentation or an oral argument" could provide defendant a sufficient opportunity to object, it did not offer any additional guidance as to the form a written presentation might take or the appropriate time to provide for objections before the modified sentence became final. The Court believes requiring written objections within ten (10) days will provide due process as envisioned in *Boulding*.